## Board of Supervisors v. The Commissioners of Highways.

1. ROADS AND BRIDGES—*County Aid.*—The purpose of section 19, chapter 121, R. S., entitled "Roads and Bridges," is to require the county to aid a township in building bridges only where the expense of building a particular bridge is so great as to impose an unreasonable burden of taxation upon the town.

2. SAME—*Rule for Determining When the Cost of a Bridge is Too Great, etc.*—The statute (section 19, chapter 121, R. S.) has supplied the rule for determining whether the cost of any proposed bridge should be deemed so great as to make it proper to exempt a town from a portion of the expense of constructing it, and that is when the cost of the bridge will be more than twenty cents on the one hundred dollars of the total assessment roll.

3. SAME—*One Petition Asking Aid in Building Several Bridges.*—The inclusion of a number of bridges in a petition for aid does not fix the liability of the county to aid in building all of such bridges if the total cost of all of them will exceed the sum produced by an assessment of twenty cents upon the $100 of taxable property.

4. MANDAMUS—*Requisites of the Petition for County Aid in Building Bridges.*—A prerequisite to a demand for aid from a county is that a bridge is required, the cost of which will exceed the sum which would be produced by a levy of twenty cents on the one hundred dollars of taxable property of the town, appearing on the latest assessment.

**Mandamus.**—Appeal from Circuit Court of Vermilion County, Illinois; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1896. Reversed and remanded. Opinion filed February 25, 1897.

### STATEMENT OF THE CASE.

Appellees, Commissioners of Highways of the town of Oakwood, in Vermilion county, petitioned the Board of Supervisors of the county, for an appropriation under the

provisions of Sec. 19, Chap. 121, R. S., entitled Roads and Bridges, to aid in building ten bridges in the township.

The cost of completing the bridges, as estimated by the commissioners and shown in the petition, was as follows: one $200, three $240 each, one $250, one $255, one $260, two $360 each, one $760, and it was estimated the sum of $400 would be required to defray the expenses of the commission contemplated to be created by the statute to take charge of the construction of the bridges, making a total of $3,565.

The petition alleged the town had provided and appropriated the sum of $1,800, being more than one-half the total cost of the bridges, and had levied of road and bridge taxes in the town the full amount of forty cents on each $100 of taxable property for the two preceding years, and that the cost of building all of said bridges would exceed the amount of twenty cents on the $100 of taxable property of the township, as shown by the latest assessment roll.

The Board of Supervisors denied the prayer of the petition and appellee filed a petition in the Circuit Court praying for a writ of mandamus, commanding the board to grant the relief asked of it.

The petition for mandamus set forth the petition to the board in *haec verba* and alleged the matters therein contained were true, etc.

A general demurrer was interposed by the board and overruled by the court. The board abided its demurrer.

Judgment, according to the prayer of the petition was entered and the board appealed.

S. G. Wilson, State's attorney, and G. T. Buckingham, W. J. Calhoun and H. M. Steely, attorneys for appellant.

E. R. E. Kimbrough and James A. Meeks, attorneys for appellees.

Mr. Presiding Justice Boggs delivered the opinion of the Court.

Omitting portions not material for consideration the section of the statute here involved is as follows:

" When it is necessary to construct or repair any bridge over a stream * * * in which work the town is wholly or in part responsible, and the cost of which will be more than twenty cents on the one hundred dollars on the latest assessment roll, and the levy of the road and bridge tax for two years last past in said town was in each year for the full amount of forty cents on each one hundred dollars allowed by law for the commissioners to raise, the major part of which is needed for the ordinary repair of roads and bridges, the commissioners may petition the county board for aid, and if the foregoing facts shall appear the county board shall appropriate from the county treasury a sum sufficient to meet one-half the expenses of the said bridge or other work, on condition the town asking aid shall furnish the other half of the required amount." Par. 19, Chap. 121, S. & C. Statutes, Vol. 3, p. 1089.

Its purpose and proper construction is, to our minds, not at all doubtful.

It is to require the county to aid only in exceptional cases where the expense of building a particular bridge is so great as to impose an unreasonable burden of taxation upon the property of the town.

In all other instances, the cost of building bridges is cast by the statute upon the town in which the bridges are to be located.

The statute has supplied the rule for determining whether the cost of any proposed bridge should be deemed so great as to make it proper to exempt the town from a portion of the expense of constructing it, and that is when the cost of the bridge " will be more than twenty cents on the $100 on the latest assessment roll."

A prerequisite therefore to a demand for aid from a county is that a bridge is required, the cost whereof will exceed the sum which would be produced by a levy of twenty cents on the $100 of taxable property of the town, appearing on the latest assessment roll..

It did not appear from the petition for a mandamus that the cost of any one of the bridges mentioned would exceed that sum.

Therefore, it is our conclusion, the petition failed to show a right to demand action upon the part of the Board of Supervisors.

The inclusion of a number of bridges in a petition, and the insistence, it is sufficient to fix the liability of the county to aid in building all of such bridges if the total cost of all of them will exceed the sum produced by an assessment of twenty cents upon the $100 of taxable property is, we conceive, based upon a misconception of the true intent and meaning of the statute.

The Circuit Court should, in our opinion, have sustained the demurrer to the petition for a writ of mandamus.

The judgment is reversed and the cause remanded.