## The People, ex rel., Commissioners of Highways of Town of Cottonwood, v. Board of Supervisors of County of Cumberland.

COMMISSIONERS OF HIGHWAYS—*when may ask aid of county for cost of construction of bridges.* The commissioners of highways cannot ask aid from a county where the combined cost of two or more bridges in a township will exceed twenty cents on one hundred dollars of taxable property. It is only where one bridge of itself exceeds such sum that the commissioners may ask aid of the county.

Mandamus. Appeal from the Circuit Court of Cumberland county; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

F. K. DUNN and C. A. SHUEY, for appellants.

WALTER BREWER, for appellees.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellants presented their petition to the Circuit Court of Cumberland county praying for a writ of *mandamus* to compel appellees to defray one-half of the amount needed to construct two bridges in Cottonwood township. A demurrer was filed to the petition and sustained and thereupon appellants elected to stand by their petition. There was an order entered dismissing the petition at costs of the commissioners of highways. Appellants have appealed.

The petition in substance stated that it was necessary to construct two bridges in said Cottonwood township, one over Muddy creek at Johnson ford and the other over Cottonwood creek at Doom Easton ford; that the cost of said bridges would be $2,800, which was more than twenty cents on the $100 on the then latest assessment roll of said town, that the levy of the road and bridge tax for the last two years then last past was in each year for the full amount of forty cents on each $100, etc.

The theory upon which the court sustained the demurrer was that it did not affirmatively appear from the petition that either of the two bridges would exceed in cost twenty cents on the $100 of the assessed valuation. The question now presented is whether or not the commissioners of highways can ask aid from the county where the combined cost of two or more bridges in a township will exceed twenty cents on the $100 or whether or not paragraph 19 of chapter 121 of the Revised Statutes has reference only to such a bridge that will of itself alone exceed the sum that would be produced by a levy of twenty cents on the $100, etc.

This precise question was before this court in Board of Supervisors v. Commissioners of Highways, 69 Ill. App. 464, where it was held in an opinion by Justice Boggs that the statute must be held to apply only when the cost of one bridge would exceed the sum which would be produced by a levy of twenty cents on the $100 and could not be held to apply to the building of two or more bridges, the combined cost of which would exceed the amount that could be raised by a levy of twenty cents, etc.

Appellants contend that the case just above cited has been overruled in the case of The People, etc., v. Board of Supervisors, 125 Ill. 9. As we read the case the question presented here was neither argued nor decided in the case last mentioned.

The ruling announced in the case reported in 69 Ill. App. 464 has never been modified or overruled, and we adhere to the ruling there announced.

The judgment is affirmed.

*Affirmed.*